UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RECEIPT # 65527
AMOUNT $ 250.00
SUMMONS ISS. ye
LOCAL RULE 4.1
WAIVER CF: :
MCF ISSUE
O 120 OR 121
Y DPTY CLK
DATE 7-11-05

WILLIAM STEFANIAK and )
JANICE STEFANIAK, )
)
Plaintiffs )
)
v. )
)
VOYAGER III, LLC, )
WATER TRANSPORTATION )
ALTERNATIVES, INC., )
NEW ENGLAND AQUARIUM )
CORPORATION, and )
NEW ENGLAND AQUARIUM )
MARINE LIFE CENTER, INC., )
)
Defendants )

COMPLAINT and
DEMAND FOR JURY TRIAL

CIVIL ACTION NO. _____

**05-11465MLW**
Referred to MJ Leo T Sorokin

## INTRODUCTION

1.  This is an action for maritime personal injuries which occurred on or about July 14, 2004 while the plaintiff, William Stefaniak, was a passenger aboard the M/V VOYAGER III, which was owned, operated, chartered and/or controlled by the defendants. The plaintiffs assert a cause of action against each defendant for personal injuries based upon negligence, loss of consortium, and a cause of action for punitive damages, all claims brought under the General Maritime Law.

## JURISDICTION AND VENUE

2.  This is a maritime case being brought pursuant to 28 U.S.C. § 1333(1).

3.  Venue is proper pursuant to 28 U.S.C. § 1391(c).

## PARTIES

4.    The plaintiff, WILLIAM STEFANIAK, is of legal age and resides in Leominster, Massachusetts.

5.    The plaintiff, JANICE STEFANIAK, is of legal age and resides with her husband in Leominster, Massachusetts.

6.    The defendant, VOYAGER III, LLC, is a company duly organized in the Commonwealth of Massachusetts with its principal place of business at 703 Washington Street in Quincy, Massachusetts and, at all relevant times, owned, maintained, financed, managed, operated, chartered and/or controlled the water vessel known as the M/V VOYAGER III having a Vessel Identification Number 1077034.

7.    The defendant, WATER TRANSPORTATION ALTERNATIVES, INC., is a Delaware corporation with its principal place of business at 116 E. Howard Street in Quincy, Massachusetts and, at all relevant times, both operated the New England Aquarium Whale Watch and maintained, managed, operated, chartered and/or controlled the water vessel known as the M/V VOYAGER III having a Vessel Identification Number 1077034.

8.    The defendant, NEW ENGLAND AQUARIUM CORPORATION, is a nonprofit corporation duly organized in the Commonwealth of Massachusetts with its principal place of business at Central Wharf in Boston, Massachusetts and, at all relevant times, both managed, maintained, operated, and controlled the New England Aquarium Whale Watch and maintained, managed, operated, chartered and/or controlled the water vessel known as the M/V VOYAGER III having a Vessel Identification Number 1077034.

9.    The defendant, NEW ENGLAND AQUARIUM MARINE LIFE CENTER, INC., is a nonprofit corporation duly organized in the Commonwealth of Massachusetts with its

2

principal place of business at One Central Wharf in Boston, Massachusetts and, at all relevant times, both managed, maintained, operated, and controlled the New England Aquarium Whale Watch and maintained, managed, operated, chartered and/or controlled the water vessel known as the M/V VOYAGER III having a Vessel Identification Number 1077034.

## FACTUAL ALLEGATIONS

10.    On July 14, 2004, the plaintiff, WILLIAM STEFANIAK, was a passenger on a whale watching excursion aboard the M/V VOYAGER III which was transporting passengers for hire for purposes of whale watching. The said vessel was in navigable waters and while the plaintiff was in the exercise of due care, he sustained serious personal injuries due to the negligence of the defendants, their agents, servants and/or employees.

## COUNT I

### William Stefaniak v. Voyager III, LLC
(General Maritime Law – Negligence)

11.    Paragraphs 1-10 are realleged and incorporated herein by reference.

12.    The injuries sustained by the plaintiff, William Stefaniak were due to no fault of his own, but were caused by the negligence of the defendant.

13.    As a result of said injuries, the plaintiff, William Stefaniak has suffered great pain of body and anguish of mind, incurred medical and hospital expenses, loss of time from his usual work, and has suffered and will suffer other damages as will be shown at the trial of this matter.

3

14.   This cause of action is brought for Negligence under the General Maritime Law.


## REQUEST FOR RELIEF

15.   That this court, under Count I, enter judgment in favor of the plaintiff, William Stefaniak, against the defendant.

16.   For such other relief as this court deems appropriate.


## COUNT II

### William Stefaniak v. Water Transportation Alternatives, Inc.
(General Maritime Law – Negligence)

17.   Paragraphs 1-16 are realleged and incorporated herein by reference.

18.   The injuries sustained by the plaintiff, William Stefaniak were due to no fault of his own, but were caused by the negligence of the defendant.

19.   As a result of said injuries, the plaintiff, William Stefaniak has suffered great pain of body and anguish of mind, incurred medical and hospital expenses, loss of time from his usual work, and has suffered and will suffer other damages as will be shown at the trial of this matter.

20.   This cause of action is brought for Negligence under the General Maritime Law.


## REQUEST FOR RELIEF

21.   That this court, under Count II, enter judgment in favor of the plaintiff, William Stefaniak, against the defendant.

22.   For such other relief as this court deems appropriate.

4

## COUNT III

### William Stefaniak v. New England Aquarium Corporation
(General Maritime Law – Negligence)

23.  Paragraphs 1-22 are realleged and incorporated herein by reference.

24.  The injuries sustained by the plaintiff, William Stefaniak were due to no fault of his own, but
     were caused by the negligence of the defendant.

25.  As a result of said injuries, the plaintiff, William Stefaniak has suffered great pain of body
     and anguish of mind, incurred medical and hospital expenses, loss of time from his usual
     work, and has suffered and will suffer other damages as will be shown at the trial of this
     matter.

26.  This cause of action is brought for Negligence under the General Maritime Law.


## REQUEST FOR RELIEF

27.  That this court, under Count III, enter judgment in favor of the plaintiff, William Stefaniak,
     against the defendant.

28.  For such other relief as this court deems appropriate.


## COUNT IV

### William Stefaniak v. New England Aquarium Marine Life Center, Inc.
(General Maritime Law – Negligence)

29.  Paragraphs 1-28 are realleged and incorporated herein by reference.

30.  The injuries sustained by the plaintiff, William Stefaniak were due to no fault of his own, but
     were caused by the negligence of the defendant.

31.   As a result of said injuries, the plaintiff, William Stefaniak has suffered great pain of body and anguish of mind, incurred medical and hospital expenses, loss of time from his usual work, and has suffered and will suffer other damages as will be shown at the trial of this matter.

32.   This cause of action is brought for Negligence under the General Maritime Law.

## REQUEST FOR RELIEF

33.   That this court, under Count IV, enter judgment in favor of the plaintiff, William Stefaniak, against the defendant.

34.   For such other relief as this court deems appropriate.

## COUNT V

### Janice Stefaniak v. Voyager III, LLC
(General Maritime Law – Loss of Consortium)

35.   Paragraphs 1-34 are realleged and incorporated herein by reference.

36.   At all times relevant herein the plaintiff, Janice Stefaniak, was married to the plaintiff, William Stefaniak.

37.   As a result of the plaintiff, William Stefaniak's injury, Janice Stefaniak has been deprived of her husband's services, support, society, affection, companionship and familial relations.

38.   This cause of action is brought for Loss of Consortium under the General Maritime Law.

### REQUEST FOR RELIEF

39.   That this court, under Count V, enter judgment in favor of the plaintiff, Janice Stefaniak, against the defendant.

40.   For such other relief as this court deems appropriate.

### COUNT VI

#### Janice Stefaniak v. Water Transportation Alternatives, Inc.
(General Maritime Law – Loss of Consortium)

41.   Paragraphs 1-40 are realleged and incorporated herein by reference.

42.   At all times relevant herein the plaintiff, Janice Stefaniak, was married to the plaintiff, William Stefaniak.

43.   As a result of the plaintiff, William Stefaniak's injury, Janice Stefaniak has been deprived of her husband's services, support, society, affection, companionship and familial relations.

44.   This cause of action is brought for Loss of Consortium under the General Maritime Law.

### REQUEST FOR RELIEF

45.   That this court, under Count VI, enter judgment in favor of the plaintiff, Janice Stefaniak, against the defendant.

46.   For such other relief as this court deems appropriate.

### COUNT VII

#### Janice Stefaniak v. New England Aquarium Corporation
(General Maritime Law – Loss of Consortium)

47.   Paragraphs 1-46 are realleged and incorporated herein by reference.

7

48.    At all times relevant herein the plaintiff, Janice Stefaniak, was married to the plaintiff, William Stefaniak.

49.    As a result of the plaintiff, William Stefaniak's injury, Janice Stefaniak has been deprived of her husband's services, support, society, affection, companionship and familial relations.

50.    This cause of action is brought for Loss of Consortium under the General Maritime Law.


## REQUEST FOR RELIEF

51.    That this court, under Count VII, enter judgment in favor of the plaintiff, Janice Stefaniak, against the defendant.

52.    For such other relief as this court deems appropriate.


## COUNT VIII

### Janice Stefaniak v. New England Aquarium Marine Life Center, Inc.
(General Maritime Law – Loss of Consortium)

53.    Paragraphs 1-52 are realleged and incorporated herein by reference.

54.    At all times relevant herein the plaintiff, Janice Stefaniak, was married to the plaintiff, William Stefaniak.

55.    As a result of the plaintiff, William Stefaniak's injury, Janice Stefaniak has been deprived of her husband's services, support, society, affection, companionship and familial relations.

56.    This cause of action is brought for Loss of Consortium under the General Maritime Law.

## REQUEST FOR RELIEF

57.     That this court, under Count VIII, enter judgment in favor of the plaintiff, Janice Stefaniak,

      against the defendant.

58.     For such other relief as this court deems appropriate.


## COUNT IX

### William Stefaniak v. Voyager III, LLC
(General Maritime Law – Punitive Damages)

59.     Paragraphs 1-58 are realleged and incorporated herein by reference.

60.     The conduct of the defendant demonstrated willful, wanton and reckless behavior and a

      conscious disregard for the plaintiff, William Stefaniak's rights and safety.

61.     This cause of action is brought under the General Maritime Law for punitive damages.


## REQUEST FOR RELIEF

62.     That this court, under Count IX, enter judgment in favor of the plaintiff, William Stefaniak,

      against the defendant.

63.     For such other relief as this court deems appropriate.


## COUNT X

### William Stefaniak v. Water Transportation Alternatives, Inc.
(General Maritime Law – Punitive Damages)

64.     Paragraphs 1-63 are realleged and incorporated herein by reference.

65.     The conduct of the defendant demonstrated willful, wanton and reckless behavior and a

      conscious disregard for the plaintiff, William Stefaniak's rights and safety.

66.    This cause of action is brought under the General Maritime Law for punitive damages.


## REQUEST FOR RELIEF

67.    That this court, under Count X, enter judgment in favor of the plaintiff, William Stefaniak,

against the defendant.

68.    For such other relief as this court deems appropriate.


## COUNT XI

### William Stefaniak v. New England Aquarium Corporation
(General Maritime Law – Punitive Damages)

69.    Paragraphs 1-68 are realleged and incorporated herein by reference.

70.    The conduct of the defendant demonstrated willful, wanton and reckless behavior and a

conscious disregard for the plaintiff, William Stefaniak's rights and safety.

71.    This cause of action is brought under the General Maritime Law for punitive damages.

## REQUEST FOR RELIEF

72.    That this court, under Count XI, enter judgment in favor of the plaintiff, William Stefaniak,

against the defendant.

73.    For such other relief as this court deems appropriate.


## COUNT XII

### William Stefaniak v. New England Aquarium Marine Life Center, Inc.
(General Maritime Law – Punitive Damages)

74.    Paragraphs 1-73 are realleged and incorporated herein by reference.

75.    The conduct of the defendant demonstrated willful, wanton and reckless behavior and a

conscious disregard for the plaintiff, William Stefaniak's rights and safety.

76.    This cause of action is brought under the General Maritime Law for punitive damages.

### REQUEST FOR RELIEF

77.    That this court, under Count XII, enter judgment in favor of the plaintiff, William Stefaniak,

against the defendant.

78.    For such other relief as this court deems appropriate.

### THE PLAINTIFFS REQUEST TRIAL BY JURY ON ALL COUNTS

Respectfully submitted,
WILLIAM STEFANIAK and
JANICE STEFANIAK
By their attorney,

DAVID B. KAPLAN
**THE KAPLAN/BOND GROUP**
88 Black Falcon Avenue, Suite 301
Boston, MA 02210
(617) 261-0080
BBO# 258540

Dated: July 11, 2005

11

°>JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

WILLIAM STEFANIAK and JANICE STEFANIAK

**(b)**  County of Residence of First Listed Plaintiff      WORCESTER
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

THE KAPLAN/BOND GROUP, 88 Black Flacon Ave., Suite 301, Boston, MA 02210, (617) 261-0080

## DEFENDANTS: Voyager III, LLC; Water Transportation

Altenatives, Inc.; New England Aquarium Corporation, New England Aquarium Marine Life Center, Inc.

County of Residence of First Listed Defendant      NORFOLK
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known

05-11465MLW

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1   U.S. Government
Plaintiff

☒ 3   Federal Question
(U.S. Government Not a Party)

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                   and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☒ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
another district
(specify)

☐ 6   Multidistrict
Litigation

☐ 7   Appeal to District
Judge from
Magistrate
Judgment

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:

## VI. CAUSE OF ACTION

Brief description of cause:
Maritime personal injury

## VII. REQUESTED IN    ☐ CHECK IF THIS IS A CLASS ACTION          DEMAND $            CHECK YES only if demanded in complaint:
## COMPLAINT:       UNDER F.R.C.P. 23                                                   JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S)
## IF ANY              (See instructions):     JUDGE                    DOCKET NUMBER

DATE                          SIGNATURE OF ATTORNEY OF RECORD
07/11/2005

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only)___WILLIAM STEFANIAK v. VOYAGER III, LLC

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

☐  I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

☐  II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
         740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

☑  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.    05 - 1 1 4 6 5 MLW

☐  IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

☐  V.    150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                            YES ☐    NO ☑

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)
                                                            YES ☐    NO ☑
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                            YES ☐    NO ☑

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                            YES ☐    NO ☑

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                            YES ☐    NO ☑

    A.   If yes, in which division do all of the non-governmental parties reside?
         Eastern Division ☐        Central Division ☐        Western Division ☐

    B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
         Eastern Division ☑        Central Division ☐        Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)
                                                            YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  DAVID B. KAPLAN
ADDRESS  88 Black Falcon Avenue, Suite 301, Boston, MA 02210
TELEPHONE NO.  (617) 261-0080

(CategoryForm.wpd - 5/2/05)