UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


WILLIAM STEFANIAK and                    CIVIL ACTION
JANICE STEFANIAK,                        NO: 05-11465-MLW
     Plaintiffs,

vs.


VOYAGER III, LLC., WATER
TRANSPORTATION ALTERNATIVES, INC.,
NEW ENGLAND AQUARIUM CORPORATION, and
NEW ENGLAND AQUARIUM MARINE LIFE
CENTER, INC.,
     Defendants.


<u>DEFENDANTS', VOYAGER III, LLC., WATER TRANSPORATION
ALTERNATIVES, INC., NEW ENGLAND AQUARIUM CORPORATION, and
NEW ENGLAND AQUARIUM MARINE LIFE CENTER, INC. ANSWERS TO
PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL</u>


     Now come the defendants, Voyager III, LLC., Water

Transportation Alternatives, Inc., New England Aquarium

Corporation, and New England Aquarium Marine Life Center,

Inc. in the above-entitled action, by and through their

undersigned counsel, Clinton & Muzyka, P.C., and respond

to the allegations contained in Plaintiff's Complaint and

Demand for Jury Trial as follows.

<u>INTRODUCTION</u>

1.   The defendants are not required to respond to

     Paragraph No. 1, which is an introductory paragraph

     not containing any specific factual allegations

against the answering defendants, however and to the extent that a response is required, the defendants deny all the allegations contained therein.

## JURISDICTION & VENUE

2.    The defendants admit the allegations contained in Paragraph No. 2.

3.    The defendants admit the allegations contained in Paragraph No. 3.

## PARTIES

4.    The defendants lack the personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 4 and therefore, deny same.

5.    The defendants lack the personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 5 and, therefore deny same.

6.    The defendants admit that Voyager III, LLC is a domestic limited liability company which owned the M/V VOYAGER III on July 14, 2004.  The defendants deny the remaining allegations contained in Paragraph No. 6.

7.    The defendants admit that Water Transportation Alternatives, Inc. is a Delaware corporation with a

principal place of business at 116 E. Howard Street, Quincy, Massachusetts and that it managed, operated, and controlled the M/V VOYAGER III on July 14, 2004. The defendants deny the remaining allegations contained in Paragraph No. 7.

8.  The defendants admit that New England Aquarium Corporation is a domestic non-profit organization, but deny the remaining allegations contained in Paragraph No. 8.

9.  The defendants admit that New England Aquarium Marine Life Center, Inc. is a domestic non-profit organization, but deny the remaining allegations contained in Paragraph No. 9.

**FACTUAL ALLEGATIONS**

10. The defendants admit that the plaintiff, William Stefaniak, was onboard the M/V VOYAGER III on July 14, 2004, but deny and/or lack the personal knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 10 and, therefore, deny same.

**COUNT I**
**William Stefaniak v. Voyager III, LLC.**
**(General Maritime Law – Negligence)**

11. The defendants reiterate and reaffirm their answers to the allegations set forth in Paragraph Nos. 1

through 10 inclusive and incorporate same as if fully
set forth herein.

12. The defendants deny the allegations contained in
Paragraph No. 12.

13. The defendants lack the personal knowledge sufficient
to form a belief as to the truth of the allegations
contained in Paragraph No. 13 and, therefore, deny
same.

14. Paragraph No. 14 contains a legal allegation not
requiring an answer on behalf of the defendants, but
to the extent that a response is required, the
defendants deny the allegations contained therein.

<u>**REQUEST FOR RELIEF**</u>

15. The defendants are not required to respond to
Paragraph No. 15 because it does not contain any
factual allegations, however and to the extent that a
response is required, the defendants deny that the
Court should enter Judgment in favor of the
plaintiff.

16. The defendants are not required to respond to
Paragraph No. 16 because it does not contain any
factual allegations, however and to the extent that a
response is required, the defendants deny that the
plaintiff is entitled to any relief.

**WHEREFORE**, the defendants pray that this Honorable Court dismiss with prejudice Count I together with reasonable attorney's fees and costs.


### COUNT II
### William Stefaniak v. Water Transportation Alternatives, Inc.
**(General Maritime Law – Negligence)**

17.  The defendants reiterate and reaffirm their answers to the allegations set forth in Paragraph Nos. 1 through 16 inclusive and incorporate same as if fully set forth herein.

18.  The defendants deny the allegations contained in Paragraph No. 18.

19.  The defendants lack the personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 19 and therefore, deny same.

20.  Paragraph No. 20 contains a legal allegation not requiring an answer on behalf of the defendants, but to the extent that a response is required, the defendants deny the allegations contained therein.

### REQUEST FOR RELIEF

21.  The defendants are not required to respond to Paragraph No. 21 because it does not contain any

factual allegations, however and to the extent that a response is required, the defendants deny that the Court should enter Judgment in favor of the plaintiff.

22. The defendants are not required to respond to Paragraph No. 22 because it does not contain any factual allegations, however and to the extent that a response is required, the defendants deny that the plaintiff is entitled to any relief.

**WHEREFORE**, the defendants pray that this Honorable Court dismiss with prejudice Count II together with reasonable attorney's fees and costs.

<u>**COUNT III**</u>
<u>**William Stefaniak v. New England Aquarium Corporation**</u>
**(General Maritime Law – Negligence)**

23. The defendants reiterate and reaffirm their answers to the allegations set forth in Paragraph Nos. 1 through 22 inclusive and incorporate same as if fully set forth herein.

24. The defendants deny the allegations contained in Paragraph No. 24.

25. The defendants lack the personal knowledge sufficient to form a belief as to the truth of the allegations

contained in Paragraph No. 25 and therefore, deny same.

26. Paragraph No. 26 contains a legal allegation not requiring an answer on behalf of the defendants, but to the extent that a response is required, the defendants deny the allegations contained therein.

### REQUEST FOR RELIEF

27. The defendants are not required to respond to Paragraph No. 27 because it does not contain any factual allegations, however and to the extent that a response is required, the defendants deny that the Court should enter Judgment in favor of the plaintiff.

28. The defendants are not required to respond to Paragraph No. 28 because it does not contain any factual allegations, however and to the extent that a response is required, the defendants deny that the plaintiff is entitled to any relief.

**WHEREFORE**, the defendants pray that this Honorable Court dismiss with prejudice Count III together with reasonable attorney's fees and costs.

## COUNT IV
## William Stefaniak v. New England Aquarium Marine Life Center, Inc.
### (General Maritime Law – Negligence)

29.   The defendants reiterate and reaffirm their answers
      to the allegations set forth in Paragraph Nos. 1
      through 28 inclusive and incorporate same as if fully
      set forth herein.

30.   The defendants deny the allegations contained in
      Paragraph No. 30.

31.   The defendants lack the personal knowledge sufficient
      to form a belief as to the truth of the allegations
      contained in Paragraph No. 31 and therefore, deny
      same.

32.   Paragraph No. 32 contains a legal allegation not
      requiring an answer on behalf of the defendants, but
      to the extent that a response is required, the
      defendants deny the allegations contained therein.

### REQUEST FOR RELIEF

33.   The defendants are not required to respond to
      Paragraph No. 33 because it does not contain any
      factual allegations, however and to the extent that a
      response is required, the defendants deny that the
      Court should enter Judgment in favor of the
      plaintiff.

34. The defendants are not required to respond to Paragraph No. 34 because it does not contain any factual allegations, however and to the extent that a response is required, the defendants deny that the plaintiff is entitled to any relief.

**WHEREFORE**, the defendants pray that this Honorable Court dismiss with prejudice Count IV together with reasonable attorney's fees and costs.


<u>COUNT V</u>
<u>Janice Stefaniak v. Voyager III, LLC</u>
(General Maritime Law – Loss of Consortium)

35. The defendants reiterate and reaffirm their answers to the allegations set forth in Paragraph Nos. 1 through 34 inclusive and incorporate same as if fully set forth herein.

36. The defendants lack the personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 36 and therefore, deny same.

37. The defendants lack the personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 37 and therefore, deny same.

38.   Paragraph No. 38 contains a legal allegation not

      requiring an answer on behalf of the defendants, but

      to the extent that a response is required, the

      defendants deny the allegations contained therein.

### REQUEST FOR RELIEF

39.   The defendants are not required to respond to

      Paragraph No. 39 because it does not contain any

      factual allegations, however and to the extent that a

      response is required, the defendants deny that the

      Court should enter Judgment in favor of the

      plaintiff.

40.   The defendants are not required to respond to

      Paragraph No. 40 because it does not contain any

      factual allegations, however and to the extent that a

      response is required, the defendants deny that the

      plaintiff is entitled to any relief.

      **WHEREFORE**, the defendants pray that this Honorable

Court dismiss with prejudice Count V together with

reasonable attorney's fees and costs.

## COUNT VI
## Janice Stefaniak v. Water Transportation Alternatives, Inc.
### (General Maritime Law – Loss of Consortium)

41.  The defendants reiterate and reaffirm their answers to the allegations set forth in Paragraph Nos. 1 through 40 inclusive and incorporate same as if fully set forth herein.

42.  The defendants lack the personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 42 and therefore, deny same.

43.  The defendants lack the personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 43 and therefore, deny same.

44.  Paragraph No. 44 contains a legal allegation not requiring an answer on behalf of the defendants, but to the extent that a response is required, the defendants deny the allegations contained therein.

### REQUEST FOR RELIEF

45.  The defendants are not required to respond to Paragraph No. 45 because it does not contain any factual allegations, however and to the extent that a response is required, the defendants deny that the

Court should enter Judgment in favor of the plaintiff.

46.  The defendants are not required to respond to Paragraph No. 46 because it does not contain any factual allegations, however and to the extent that a response is required, the defendants deny that the plaintiff is entitled to any relief.

**WHEREFORE**, the defendants pray that this Honorable Court dismiss with prejudice Count VI together with reasonable attorney's fees and costs.

### COUNT VII
### Janice Stefaniak v. New England Aquarium Corporation
### (General Maritime Law – Loss of Consortium)

47.  The defendants reiterate and reaffirm their answers to the allegations set forth in Paragraph Nos. 1 through 46 inclusive and incorporate same as if fully set forth herein.

48.  The defendants lack the personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 48 and therefore, deny same.

49.  The defendants lack the personal knowledge sufficient to form a belief as to the truth of the allegations

contained in Paragraph No. 49 and therefore, deny same.

50. Paragraph No. 50 contains a legal allegation not requiring an answer on behalf of the defendants, but to the extent that a response is required, the defendants deny the allegations contained therein.

### REQUEST FOR RELIEF

51. The defendants are not required to respond to Paragraph No. 51 because it does not contain any factual allegations, however and to the extent that a response is required, the defendants deny that the Court should enter Judgment in favor of the plaintiff.

52. The defendants are not required to respond to Paragraph No. 52 because it does not contain any factual allegations, however and to the extent that a response is required, the defendants deny that the plaintiff is entitled to any relief.

   **WHEREFORE**, the defendants pray that this Honorable Court dismiss with prejudice Count VII together with reasonable attorney's fees and costs.

## COUNT VIII
### Janice Stefaniak v. New England Aquarium Marine Life Center, Inc.
#### (General Maritime Law – Loss of Consortium)

53.   The defendants reiterate and reaffirm their answers to the allegations set forth in Paragraph Nos. 1 through 52 inclusive and incorporate same as if fully set forth herein.

54.   The defendants lack the personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 54 and therefore, deny same.

55.   The defendants lack the personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 55 and therefore, deny same.

56.   Paragraph No. 56 contains a legal allegation not requiring an answer on behalf of the defendants, but to the extent that a response is required, the defendants deny the allegations contained therein.

### REQUEST FOR RELIEF

57.   The defendants are not required to respond to Paragraph No. 57 because it does not contain any factual allegations, however and to the extent that a response is required, the defendants deny that the

Court should enter Judgment in favor of the plaintiff.

58. The defendants are not required to respond to Paragraph No. 58 because it does not contain any factual allegations, however and to the extent that a response is required, the defendants deny that the plaintiff is entitled to any relief.

**WHEREFORE**, the defendants pray that this Honorable Court dismiss with prejudice Count VIII together with reasonable attorney's fees and costs.


## COUNT IX
### William Stefaniak v. Voyager III, LLC.
#### (General Maritime Law – Punitive Damages)

59. The defendant reiterates and reaffirms its answers to the allegations set forth in Paragraph Nos. 1 through 58 inclusive and incorporate same as if fully set forth herein.

60. The defendants deny the allegations contained in Paragraph No. 60.

61. Paragraph No. 61 contains a legal allegation not requiring an answer on behalf of the defendants, but to the extent that a response is required, the defendants deny the allegations contained therein.

### REQUEST FOR RELIEF

62. The defendants are not required to respond to
    Paragraph No. 62 because it does not contain any
    factual allegations, however and to the extent that a
    response is required, the defendants deny that the
    Court should enter Judgment in favor of the
    plaintiff.

63. The defendants are not required to respond to
    Paragraph No. 63 because it does not contain any
    factual allegations, however and to the extent that a
    response is required, the defendants deny that the
    plaintiff is entitled to any relief.

    **WHEREFORE**, the defendants pray that this Honorable
Court dismiss with prejudice Count IX together with
reasonable attorney's fees and costs.


### COUNT X
### William Stefaniak v. Water Transportation Alternatives, Inc.
**(General Maritime Law – Punitive Damages)**

64. The defendants reiterate and reaffirm their answers
    to the allegations set forth in Paragraph Nos. 1
    through 63 inclusive and incorporate same as if fully
    set forth herein.

65.  The defendants deny the allegations contained in Paragraph No. 65.

66.  Paragraph No. 66 contains a legal allegation not requiring an answer on behalf of the defendants, but to the extent that a response is required, the defendants deny the allegations contained therein.

**REQUEST FOR RELIEF**

67.  The defendants are not required to respond to Paragraph No. 67 because it does not contain any factual allegations, however and to the extent that a response is required, the defendants deny that the Court should enter Judgment in favor of the plaintiff.

68.  The defendants are not required to respond to Paragraph No. 68 because it does not contain any factual allegations, however and to the extent that a response is required, the defendants deny that the plaintiff is entitled to any relief.

**WHEREFORE**, the defendants pray that this Honorable Court dismiss with prejudice Count X together with reasonable attorney's fees and costs.

**COUNT XI**
**William Stefaniak v. New England Aquarium Corporation**
**(General Maritime Law – Punitive Damages)**

69.   The defendants reiterate and reaffirm their answers to the allegations set forth in Paragraph Nos. 1 through 68 inclusive and incorporate same as if fully set forth herein.

70.   The defendants deny the allegations contained in Paragraph No. 70.

71.   Paragraph No. 71 contains a legal allegation not requiring an answer on behalf of the defendants, but to the extent that a response is required, the defendants deny the allegations contained therein.

**REQUEST FOR RELIEF**

72.   The defendants are not required to respond to Paragraph No. 72 because it does not contain any factual allegations, however and to the extent that a response is required, the defendants deny that the Court should enter Judgment in favor of the plaintiff.

73.   The defendants are not required to respond to Paragraph No. 73 because it does not contain any factual allegations, however and to the extent that a response is required, the defendants deny that the plaintiff is entitled to any relief.

**WHEREFORE**, the defendants pray that this Honorable Court dismiss with prejudice Count XI together with reasonable attorney's fees and costs.

## COUNT XII
## William Stefaniak v. New England Aquarium Marine Life Center, Inc.
**(General Maritime Law – Punitive Damages)**

74.  The defendants reiterate and reaffirm their answers to the allegations set forth in Paragraph Nos. 1 through 73 inclusive and incorporate same as if fully set forth herein.

75.  The defendants deny the allegations contained in Paragraph No. 75.

76.  Paragraph No. 76 contains a legal allegation not requiring an answer on behalf of the defendants, but to the extent that a response is required, the defendants deny the allegations contained therein.

## REQUEST FOR RELIEF

77.  The defendants are not required to respond to Paragraph No. 77 because it does not contain any factual allegations, however and to the extent that a response is required, the defendants deny that the Court should enter Judgment in favor of the plaintiff.

78.    The defendants are not required to respond to
        Paragraph No. 78 because it does not contain any
        factual allegations, however and to the extent that a
        response is required, the defendants deny that the
        plaintiff is entitled to any relief.

**WHEREFORE**, the defendants pray that this Honorable
Court dismiss with prejudice Count XII together with
reasonable attorney's fees and costs.


## <u>AFFIRMATIVE DEFENSES</u>

The defendants incorporate the following Affirmative
Defenses into their Answer to plaintiff's Complaint and
Demand for Jury Trial as follows:

**AND FURTHER ANSWERING, AND AS A COMPLETE AND
SEPARATE DEFENSE**, the defendants state that Counts III,
IV, VII, VIII, XI, and XII of plaintiff's Complaint and
Demand for Jury Trial should properly be dismissed because
they fail to state a cause of action upon which relief can
be granted against the named defendants.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE
DEFENSE**, the defendants state that if Counts III, IV, VII,
VIII, XI, and XII of plaintiff's Complaint and Demand for
Jury Trial are not dismissed for failing to state a cause
of action upon which relief can be granted, then any award

against the named charitable organizations should properly
be limited and capped to $20,000.00 pursuant to MGL c.
231, § 85K.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE
**DEFENSE**, the defendants state that this Complaint is
premised upon the Admiralty jurisdiction of this Honorable
Court and the plaintiffs are not entitled to a trial by
jury.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE
**DEFENSE**, the defendants state that there has been
insufficiency of process and service of process.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE
**DEFENSE**, the defendants state that the damages allegedly
sustained by the plaintiff resulted in whole or in part
from his own negligence and failure to exercise the degree
of care and skill reasonably required of an adult of his
experience and not due to any negligence or fault on the
part of the defendants.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE
**DEFENSE**, the defendants state that the injuries allegedly
sustained by the plaintiff resulted in whole or in part
from an Act of God, or a condition not created by the
defendants, their employees, servants, or agents.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendants state that the injuries allegedly sustained by the plaintiff resulted in whole or in part from the acts or omissions of a person or persons over whom the defendants had no control and for whom the defendants was and is not legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that Counts V, VI, IX and X of plaintiff's Complaint and Demand for Jury Trial should properly be dismissed because they are not recognized causes of actions under the General Maritime Law.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendants state that if the plaintiff was injured as alleged, which is specifically denied, such injury was without fault, knowledge or privity of the defendants; and that the damaged claimed herein exceeds the value of the vessel, including its pending cargo; and the defendant herewith claims benefit of any and all laws and statutes of the United States of America, or and concerning limitation of liability of the defendant, 46 U.S.C.S. Appx. §183(b).

**WHEREFORE**, the defendants pray that this Honorable Court dismiss with prejudice plaintiff's Complaint and

Demand for Jury Trial together with reasonable attorney's

fees and costs.


                                      By their attorneys,

                                      **CLINTON & MUZYKA, P.C.**


                                      "/S/Thomas J. Muzyka"_
                                      Thomas J. Muzyka
                                      BBO NO: 365540
                                      Kenneth M. Chiarello
                                      BBO NO: 639274
                                      One Washington Mall
                                      Suite 1400
                                      Boston, MA  02108
                                      (617) 723-9165


      Dated:  September 9, 2005