UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIAM STEFANIAK &                    CIVIL ACTION
JANICE STEFANIAK,                      NO: 05-11465-MLW
     Plaintiffs,

vs.


VOYAGER III, LLC. and WATER
TRANSPORTATION ALTERNATIVES, INC.,
     Defendants.

## <u>DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY REQUESTS</u>

Now come the defendants, Voyager III, LLC and Water Transportation Alternatives, Inc., in the above-entitled action, by and through their undersigned counsel, Clinton & Muzyka, P.C., and submit their Opposition to Plaintiffs' Motion to Compel Discovery Requests.

## I.    <u>FACTUAL BACKGROUND</u>

The plaintiffs have instituted this action to recover damages resulting from a personal injury that William Stefaniak sustained while a passenger onboard the M/V VOYAGER III, which is a vessel owned and operated by the defendants.  At the time of the incident, the vessel was enroute to Stellwagon Bank in Cape Cod Bay for a whale-watch excursion.

On October 4, 2005, the defendants served their Interrogatories and Requests for Production of Documents on the plaintiffs.  The plaintiffs did not respond to the defendants' written discovery until December 15, 2005, approximately forty-five (45) days after the thirty (30) day time period for responding under Rule 33 of the Federal Rules of Civil Procedure expired.  The plaintiffs never sought and the defendants never granted an extension.

On February 28, 2006, the plaintiffs served their written discovery requests on the defendants.  Shortly thereafter, the defendants sought an extension to respond until April 28, 2005, which was granted by the plaintiffs. *See, email transmission from Attorney Kenneth M. Chiarello to John Bromley (Law Clerk) dated April 13, 2005 attached hereto as Exhibit "A."*

On May 3, 2006, the defendants noticed the depositions of William & Janice Stefaniak for May 26, 2006.

On May 10, 2006, the defendants requested another extension to respond to plaintiffs' written discovery.  The plaintiffs agreed to extend the time period for responding until two (2) days prior to the plaintiffs' depositions. Plaintiffs' counsel simply wanted the defendants' discovery responses prior to the depositions of his clients. Plaintiffs' counsel was unwilling to produce his clients

for a deposition unless he received defendants' responses beforehand. *See, email transmission from John Bromley to Attorney Kenneth M. Chiarello dated May 10, 2006 attached hereto as Exhibit "B."*

On or about May 20, 2006, defense counsel contacted plaintiffs' counsel and requested that Janice Stefaniak's deposition be rescheduled. Plaintiffs' counsel would not agree to continue Janice Stefaniak's deposition, unless her husband's deposition was also rescheduled. Accordingly, the defendants agreed to reschedule the depositions for a later date.

On June 12, 2006, the plaintiffs' filed their Motion to Compel Defendants' Response to Plaintiffs' Discovery Requests, which contains a Local Rule 37.1 Certificate of Compliance. Prior to filing this motion, plaintiffs' counsel never contacted defense counsel for the purpose of discussing a resolution. <u>This is the first time that plaintiffs' counsel violated Local Rule 37.1</u>.

Nevertheless, upon receipt of plaintiffs' Motion to Compel, Attorney Chiarello contacted and discussed the matter with John Bromley. Attorney Chiarello advised that the plaintiffs failed to comply with Local Rule 37.1 prior to filing the motion, and that he was under the impression that an extension had been granted until two (2) days prior

to the plaintiffs' rescheduled depositions.  Plaintiffs'
counsel agreed to withdraw the motion on the condition that
the defendants respond before the time period for filing an
opposition expired.  The defendants responded and, as
agreed, the Motion to Compel was withdrawn.

In an effort to avoid Court intervention, the
defendants subsequently agreed to supplement their Answers
to Interrogatories.  The plaintiffs are dissatisfied with
the defendants' supplementation and, as result, have filed
another Motion to Compel.  This motion also seeks an Order
from the Court compelling the defendant to supplement its
document production.  Prior to filing this motion,
plaintiffs' counsel never contacted defense counsel
pursuant to Local Rule 37.1 for the purpose of discussing
its document production.  This is the second time that the
plaintiffs violated Local Rule 37.1.

On November 17, 2006, John Bromley forwarded an email
to Attorney Chiarello requesting two (2) dates for an
onboard inspection of the M/V VOYAGER III.  *See, email
transmission from John Bromley to Attorney Kenneth M.
Chiarello dated November 17, 2006 attached hereto as
Exhibit "C."*  Approximately two (2) hours later, the
plaintiffs' filed an Emergency Motion to Inspect &
Photograph.  Upon receipt, defense counsel contacted John

Bromley and advised that the defendants would make the vessel available for inspection on November 20, 2006. He further advised that the plaintiffs, once again, failed to comply with Local Rule 37.1 prior to filing an emergency motion. <u>This is the third time that the plaintiffs violated Local Rule 37.1</u>.

## II.   ARGUMENT

### A.   WAIVER OF OBJECTIONS

The defendants submit that they have not waived any objections. The defendants were granted an extension until two (2) days before the plaintiffs' depositions.[1] When the plaintiffs' depositions were canceled, the defendants were under the impression that a further extension was granted until two (2) days prior to the plaintiffs' rescheduled depositions. Rather than contacting defense counsel and advising of his position that the defendants had waived their objections, plaintiffs' counsel filed a Motion to Compel without complying with the requirements of Local Rule 37.1. Under these circumstances, the Court should conclude that that the defendants objections have not been waived.

---

[1] It should be noted that plaintiffs' counsel has refused to produce his clients for a deposition until after the Court rules upon the pending Motion to Compel. Because there is no legal basis for this position, the defendants will be filing a Motion to Compel in this regard.

Nevertheless, to the extent the Court finds persuasive plaintiffs' arguments that concludes that the defendants have waived their objections, their objections based upon <u>privileged information and material</u> should be upheld. "[C]ourts have recognized that waiver of the attorney-client privilege is an extreme sanction and that it therefore should be reserved for cases of unjustifiable delay, inexcusable conduct, or bad faith in responding to discovery requests.  Thus, minor procedural violations, good faith attempts at compliance, and other mitigating circumstances will militate against finding waiver." *United Steelworks of America v. IVACO, Inc.,* 2002 WL 31932875 (N.D.Ga.).[2]

In the case *sub judice*, the defendants have acted in good faith.  The defendants were under the impression that an extension had been granted until two (2) days prior to the plaintiff's rescheduled depositions.  Once the defendants learned of the plaintiffs' position, they responded to plaintiff's written discovery.  Additionally, the defendants subsequently supplemented its responses to

---

[2] *Jones v. American General Life & Accident Insurance Company,* 2002 WL 32073037 (S.D.Ga.) ("waiver of privilege is the most extreme sanction that a court can impose for failure to follow required procedure and courts should reserve it for cases of unjustifiable delay, inexcusable conduct, and bad faith in responding to discovery requests"); *Felham Enterprises v. Certain underwriters at Lloyd's,* 2004 WL 2360159 (E.D.La.); *Rivera v. Kmart Corp.*, 190 F.R.D. 298 (D.P.R. 2000).

avoid Court intervention.  It is the plaintiff that have acted in procedural violation by their repeated failures to comply with Local Rule 37.1.

**B.    DEFENDANTS' ANSWERS TO INTERROGATORIES**

The defendants submit that their answers adequately respond to the plaintiffs' corresponding Interrogatory. The defendants' responses at issue are as follows:

INTERROGATORY NO. 6

Interrogatory No. 6 requests the vessel's speed, compass heading, and course <u>at the time of the incident</u>. The defendant acknowledges that the vessel's speed and location at the time of the incident is relevant and discoverable.  However, the individual operating the defendant's vessel at the time of the incident (Dale Sullivan-Taylor) did not witness the incident and is no longer employed by the defendant.  The defendant is not aware of the vessel's speed compass heading and course at the time of the incident, or at the time Captain Dale-Sullivan first learned that an incident occurred.

Because the defendants' answers to plaintiff's Interrogatories are binding and the vessel's speed compass heading and course at the time of the incident are relevant, they should not be compelled to guess and furnish a response.  The only information that the defendant

possesses concerning the speed of the M/V VOYAGER II on the day of the incident is that it was traveling at approximately twenty-one (21) knots shortly before the incident occurred.  This information was not obtained from Captain Sullivan-Taylor.  Interrogatory No. 6 does not request this information and, as such, it has not been provided previously.

The plaintiff can obtain the requested information by noticing the deposition of Captain Sullivan-Taylor. Defense counsel should not be required to obtain the requested information for the plaintiff.  See, i.e. *La Chemise Lacoste v. Alligator Co., Inc.*, 60 F.R.D. 164 (D.C.Del. 1973)(party must provide by way of answers to interrogatories the relevant facts readily available to it but it should not be required to enter into extensive independent research in order to acquire such information); *Kainz v. Anheuser-Busch, Inc.*, 15 F.R.D. 242 (D.C.Ill. 1954)(interrogatories should not be used as a device for compelling interrogated party to prepare the interrogator's case for interrogator).

## INTERROGATORY NO. 8(h)

The defendant maintains its objection that Interrogatory No. 8(h), which requests the height of the "swells outside the harbor," is irrelevant and overly

broad.  It is the defendants' understanding that the incident occurred at some point after the vessel passed Boston Light, which is outside of Boston Harbor. Interrogatory No. 8(h) is not limited to the sea conditions within this area but instead requests the "swells outside the harbor," which essentially incorporates the entire eastern area of the Atlantic Ocean.  The defendant should not be compelled to further supplement their response to Interrogatory No. 8(h).

<u>INTERROGATORY NO. 9</u>

The defendant cannot respond to Interrogatory No. 9 as drafted because it is extremely broad and seeks information not likely to lead to the discovery of admissible evidence. The maximum speed that a passenger vessel is permitted to travel, whether it be inside or outside Boston Harbor, depends on several variables, such as the number of passengers onboard, the purpose of the voyage (i.e. whale watch, commuter, etc.), the prevailing weather and sea conditions, the vessel's location and current traffic conditions, and the preference of the individual operating the vessel.  Interrogatory No. 9 does not provide any of this information and requiring the defendant to respond to this Interrogatory as drafted would be unduly burdensome.

INTERROGATORY NO. 10

The defendants submit that their initial and supplemental responses to Interrogatory No. 10 are appropriate and sufficiently respond to the information requested therein.

INTERROGATORY NO. 12

The defendants submit that their initial and supplemental responses to Interrogatory No. 12 are appropriate and sufficiently respond to the information requested therein.  The defendant is not aware of any personal injuries that occurred in the area of the alleged incident from the time it first started to operate the M/V VOYAGER III until the date of the incident.

INTERROGATORY NO. 15(d)

The defendants submit that their initial and supplemental responses to Interrogatory No. 15(d) are appropriate and sufficiently respond to the information requested therein.

INTERROGATORY NO. 19

The defendants submit that their initial and supplemental responses to Interrogatory No. 19 are appropriate and sufficiently respond to the information requested therein.

### C.    **REQUESTS FOR PRODUCTION OF DOCUMENTS**

In violation of Local Rule 37.1, the plaintiffs never requested the defendants to supplement their responses to plaintiffs' Requests for Production of Documents prior to filing the pending Motion to Compel.  Most of the disputes concerning the defendants' document production could have been resolved by the parties without Court intervention. Nevertheless, the defendant responds to the disputed document request as follows.

### REQUEST NO. 3

The plaintiffs have inspected the M/V VOYAGER III, as well as the nautical charts that were onboard the vessel at the time of the incident.

### REQUEST NO. 5

The defendants will produce a copy of the vessel's Deck Log for the one month prior to the incident.

### REQUEST NO. 6

The defendants have previously produced its Water Transportation Alternatives, Inc. Employee Policy Book, which covers its workplace policies and procedures.  The defendants have also produced the vessel's Operations Manual, which covers the duties and responsibilities of its employees.  Further, the defendants have produced its Safety Announcements, the M/V VOYAGER III's Security Plan,

and the personnel files of the crewmembers that were
onboard the vessel on the day of the incident.  Other than
the foregoing documents and any placards posted onboard the
vessel, the defendants are not aware of any additional
documents relating to safety.

<u>REQUEST NO. 16</u>

The defendants maintain their objection to Request No.
16.  William Stefaniak alleges in his Answers to
Interrogatories that he sustained injuries as a "result of
the defendants' failure to operate the vessel in a safe
manner despite the weather conditions that may have been
present that day."  The plaintiff has not alleged any
theory of liability that fatigue caused or contributed to
the incident.  It should be noted that the defendants have
requested the plaintiffs to supplement their Answers to
Interrogatories and specifically identify the basis for the
asserted negligence claim.

<u>REQUEST NO. 33</u>

The defendants maintain their objection.  There are
hundreds of drawings relating to the vessel and its
machinery.  These drawings are completely irrelevant as
there is no allegation that the vessel was not properly
designed or constructed.  The plaintiff, at least according
to his Answers to Interrogatories, has only alleged

operational negligence.  Nevertheless, the defendants

advise in their response "to the extent the plaintiff

limits the scope of Request No. 33 and identifies the

specific drawings requested, the defendant will respond

accordingly."

III.  **CONCLUSION**

In summation, the defendants should not be compelled

to further supplement their responses to the plaintiffs'

Interrogatories.  Rather than noticing the depositions of

the defendants' current and former employees who possess

relevant information concerning the incident and asserted

theories of liability, the plaintiffs are attempting to

establish their case through written discovery.  This

should not be permitted.  The defendants' responses are

based upon the knowledge presently within their possession

and adequately respond to the information sought in the

corresponding Interrogatory.  The defendants should not be

compelled to further supplement their responses to

plaintiffs' Interrogatories.

**WHEREFORE**, the defendants, Voyager III, LLC. and Water

Transportation Alternatives, Inc., prays that this

Honorable Court deny its Motion to Compel Discovery

Requests, and award the defendants their attorney's fees

and costs associated with the plaintiffs' repeated failures to comply with Local Rule 37.1.



                                    By its attorneys,

                                    **CLINTON & MUZYKA, P.C.**


                                    "/s/ Thomas J. Muzyka"
                                    Thomas J. Muzyka
                                    BBO NO: 365540
                                    Kenneth M. Chiarello
                                    BBO NO: 639274
                                    One Washington Mall
                                    Suite 1400
                                    Boston, MA  02108
                                    (617) 723-9165


Dated:  November 28, 2006

*Voyager II*
*Stefaniak*

## Kenneth Chiarello

**From:** Kenneth Chiarello
**Sent:** Thursday, April 13, 2006 4:40 PM
**To:** 'John Bromley'
**Subject:** WILLIAM STEFANIAK

John,

In reference to the above-matter and our recent telephone conversation, this is to confirm that the plaintiff has granted the defendant a thirty (30) day extension to respond to his Interrogatories and Requests for Production of Documents. Accordingly, we will forward our responses by or before April 28, 2006.

Thank you for your cooperation.

Best regards,
*Kenneth M. Chiarello*
*Clinton & Muzyka, P.C.*
*One Washington Mall, Suite 1400*
*Boston, MA   02108*
*Tel: 617-723-9165*
*Fax: 617-720-3489*
*Email: kchiarello@clinmuzyka.com*

*E-MAIL CONFIDENTIALITY NOTICE: The contents of this e-mail message and any attachments are intended solely for the addressee(s) and may contain confidential and/or legally privileged information. If you are not the intended recipient of this message or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and any attachments. If you are not the intended recipient, you are notified that any use, dissemination, distribution, copying or storage of this message or any attachment is strictly prohibited and shall not compromise or waive such confidentiality, privilege or exemption from disclosure as to this communication.*

EXHIBIT "A"

*Voyager / Stefaniak*

## Kenneth Chiarello

**From:**    John Bromley [JBromley@KaplanBond.com]
**Sent:**    Wednesday, May 10, 2006 12:34 PM
**To:**    Kenneth Chiarello
**Subject:** RE: Stefaniak; Defendants' Responses to Plainitffs' Discovery Requests

Dear Mr. Chiarello:

This email will serve to confirm that your clients' responses to our discovery requests will be received by us at least 48 hours prior to the May 26 deposition of the plaintiffs, William and Janice Stefaniak.

As discussed, if we do not receive the responses as described, the depositions will be rescheduled.

Sincerely,
John J. Bromley
Law Clerk
**THE KAPLAN/BOND GROUP**
88 Black Falcon Avenue, Suite 301
Boston, MA 02210
P: (800) 864-0051
F: (617) 261-1558

EXHBIIT "B"

5/16/2006

## Kenneth Chiarello

**From:**    John Bromley [JBromley@KaplanBond.com]
**Sent:**    Friday, November 17, 2006 2:17 PM
**To:**      Kenneth Chiarello
**Subject:** RE: Stefaniak; Vessel Inspection

Dear Ken:

Attorney Kaplan has asked me to draft a Motion to Inspect and Photograph the M/V VOYAGER III.  He asked that I get two dates and times from you so that we may request a one hour time slot that is convenient for your client.  Please provide two dates and times prior to November 30, 2006.

Thank you in advance.


Sincerely,
John J. Bromley
Law Clerk for
ATTORNEY  DAVID B. KAPLAN
**THE KAPLAN/BOND GROUP**
88 Black Falcon Avenue, Suite 301
Boston, MA 02210
P: (800) 864-0051
F: (617) 261-1558


EXHIBIT "C"


11/27/2006